**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DENISE CORNELL**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**PEOPLE, PLACES, AND DREAMS, LLC**,<br><br>**NAFISAH ALIM,**<br><br>and<br><br>**CASA MILA BNB, LLC**<br><br>Defendants. | Case No. 1:26-cv-00770<br><br>Judge: BRIDGET MEEHAN BRENNAN<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Denise Cornell ("Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendants People, Places, and Dreams, LLC, Nafisah Alim, and Casa Mila BNB, LLC states and alleges as follows:

## INTRODUCTION AND NATURE OF COMPLAINT

1. This case challenges policies and practices of Defendants People, Places, and Dreams, LLC and Nafisah Alim (collectively, the "Wage Defendants") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio's Prompt Pay Act, O.R.C. § 4113.15. Wage Defendants systematically failed to pay overtime premium wages to Plaintiff and other similarly situated hourly, non-exempt employees. When these employees worked in excess of 40 hours per workweek, which they did nearly every workweek, Plaintiff and the proposed class

members were paid only their straight hourly rate for all hours worked, including overtime hours, rather than the legally required time-and-a-half rate for hours worked over 40 in a workweek.

2. Plaintiff brings this case as an FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other similarly situated persons who worked for Wage Defendants in Ohio and were denied overtime premium wages in violation of Ohio's Prompt Pay Act.

4. Plaintiff further brings a fraudulent transfer claim under Ohio Revised Code § 1336 against Defendants Nafisah Alim and Casa Mila BNB, LLC (collectively, the “Fraudulent Transfer Defendants”) concerning the post-suit transfer of real property located at 3214 Prospect Avenue East, Cleveland, Ohio 44115-2614.

5. Defendant Casa Mila BNB, LLC is named only with respect to Plaintiff’s fraudulent transfer claim and the relief available under Ohio Revised Code § 1336.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

8. This Court has supplemental jurisdiction over Plaintiff’s fraudulent transfer claim because that claim concerns Plaintiff’s ability to collect on the wage claims asserted in this action

and arises from a transfer allegedly made after this case was filed and after Defendant Alim had notice of Plaintiff's claims.

9. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant People, Places, and Dreams, LLC's principal place of business is located in Cleveland, Ohio, within the Northern District of Ohio, Eastern Division, the real property at issue is located in Cleveland, Ohio, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

10. Plaintiff Denise Cornell is an adult individual and a resident of Bedford Heights, Ohio, located in Cuyahoga County.

11. Plaintiff was employed by Wage Defendants as a non-exempt hourly employee in the position of case manager for roughly five years, until December 2025.

12. Throughout her employment, Plaintiff was classified and paid as an hourly, non-exempt employee at a rate of $20.00 per hour.

13. Plaintiff regularly worked in excess of 40 hours per workweek but was not paid overtime premium wages at time-and-a-half her regular rate for hours worked over 40 in a workweek.

14. At all relevant times, Plaintiff and other similarly situated persons were "employees" of Wage Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and within the meaning of Ohio's wage and hour laws, including the Ohio Prompt Pay Act, O.R.C. § 4113.15.

15. At all relevant times, Plaintiff and those similarly situated employees were engaged in commerce or in the production of goods for commerce, and regularly handled, used, or otherwise

worked with goods, materials, and communications that had moved in or were produced for interstate commerce, within the meaning of 29 U.S.C. §§ 206-207.

16. Defendant People, Places, and Dreams, LLC is an Ohio domestic limited liability company with its principal place of business at 3214 Prospect Avenue East, Cleveland, Ohio 44115-2614. Defendant People, Places, and Dreams, LLC can be served through its Ohio registered statutory agent: Nafisah Alim, at 3214 Prospect Avenue East, Cleveland, Ohio 44115-2614. At all relevant times, Defendant People, Places, and Dreams, LLC was an "employer" of Plaintiff and other similarly situated persons within the meaning of the FLSA, 29 U.S.C. § 203(d), and within the meaning of Ohio's wage and hour laws.

17. Defendant People, Places, and Dreams, LLC is owned and operated, entirely or in part, by Defendant Nafisah Alim.

18. At all times relevant, Defendant Nafisah Alim was a person acting directly or indirectly in the interest of Defendant People, Places, and Dreams, LLC in relation to Defendant People, Places, and Dreams, LLC's employees.

19. At all times relevant, Defendant Nafisah Alim controlled significant aspects of Defendant People, Places, and Dreams, LLC's business including, but not limited to, setting pay rates for employees, making hiring decisions, and operating the business.

20. At all relevant times, Defendant People, Places, and Dreams, LLC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Defendant People, Places, and Dreams, LLC had an annual gross volume of sales or business done of not less than $500,000, thereby satisfying the enterprise coverage requirements of 29 U.S.C. § 203(s)(1)(A).

21. Defendant Casa Mila BNB, LLC is, upon information and belief, an Ohio limited liability company organized by Defendant Nafisah Alim on or about April 25, 2025.

22. Defendant Casa Mila BNB, LLC can be served through its Ohio registered statutory agent: Nafisah Alim at 1559 E 17th St, Cleveland, Ohio, 44114.

23. Upon information and belief, Defendant Casa Mila BNB, LLC received title to the real property located at 3214 Prospect Avenue East, Cleveland, Ohio, 44115-2614 from Defendant Nafisah Alim on or about May 6, 2026, for no consideration or less than reasonably equivalent value.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Non-Exempt Status

24. Plaintiff Denise Cornell was employed by Wage Defendants as a non-exempt case manager at all times relevant to this case and throughout the lookback period relevant to this case.

25. Throughout her employment, Plaintiff was classified and paid as an hourly, non-exempt employee at a rate of $20.00 per hour.

26. Plaintiff was not exempt from the overtime requirements of the FLSA or Ohio law.

27. Plaintiff and other similarly situated case managers regularly worked in excess of 40 hours per workweek for Wage Defendants.

### B. Defendants People, Places, and Dreams, LLC's and Nafisah Alim's Systematic Overtime Violations

28. At all relevant times, Wage Defendants had a policy and practice of paying Plaintiff and other non-exempt hourly employees, including case managers, at their straight hourly rate for all hours worked, regardless of whether they exceeded 40 hours in a workweek.

29. This unlawful practice is evident from Plaintiff's paystubs, which are in Defendants' possession and control.

30. By way of example, for the pay period ending December 23, 2023, Plaintiff worked 150 hours over a two-week period and was paid $20.00 per hour for all 150 hours, with no overtime premium:

| CO. | FILE | DEPT. | CLOCK | NUMBER | 034 |
|---|---|---|---|---|---|
| BAR | 000148 | HOURLY | | 0000005016 | 1 |

**Earnings Statement**

*PEOPLE PLACES AND DREAMS*
*3214 PROSPECT AVE E*
*CLEVELAND, OH 44115-2614*

Period Beginning: 12/10/2023
Period Ending: 12/23/2023
Pay Date: 12/29/2023

Filing Status: Single/Married filing separately
Exemptions/Allowances:
Federal: Standard Withholding Table

**DENISE A CORNELL**
**5850 MARRA DR**
**BEDFORD HEIGHTS OH 44146**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 20.0000 | 150.00 | 3,000.00 | 4,280.00 |
| Gross Pay | | | $3,000.00 | 4,280.00 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Totl Hrs Worked | 150.00 | |

31. As that paystub demonstrates, Wage Defendants failed to pay Plaintiff at one and one-half times her regular rate (i.e., $30.00 per hour) for hours worked in excess of 40 in a workweek.

32. This pattern was not isolated to Plaintiff but was a systematic practice applied to case managers and other similarly situated non-exempt employees.

33. Wage Defendants knew or showed reckless disregard for the FLSA's overtime requirements.

34. There can be no dispute that Plaintiff and similarly situated employees were owed one-and-one-half their regular rate of pay for overtime hours.

35. There is no dispute that Wage Defendants routinely and habitually failed to pay Plaintiff and similarly situated employees one-and-one-half their regular rate of pay for overtime hours.

36. Wage Defendants' violations were willful, extending the statute of limitations to three years under 29 U.S.C. § 255(a).

37. As a result of Wage Defendants' unlawful practices, Plaintiff and other similarly situated employees were deprived of overtime premium wages to which they were entitled under the FLSA and Ohio law.

38. The exact amount of unpaid overtime owed to Plaintiff and other similarly situated employees is not presently known because it depends on payroll and timekeeping records in Wage Defendants' exclusive possession and control.

39. Plaintiff and other similarly situated employees are entitled to back wages, liquidated damages under the FLSA, penalties under the Ohio Prompt Pay Act, and attorneys' fees and costs.

**C. Post-Suit Transfer of the Prospect Avenue Property**

40. The real property located at 3214 Prospect Avenue East, Cleveland, Ohio 44115-2614 is referred to in this First Amended Complaint as the "Prospect Avenue Property."

41. Defendant Alim purchased the Prospect Avenue Property on or about December 1, 2023, for $650,000.00, and uses the Prospect Avenue Property as the headquarters for Defendant People, Places, and Dreams, LLC.

42. Defendant Alim acquired the Prospect Avenue Property in her individual name and did not acquire the property through Defendant People, Places, and Dreams, LLC or any other business entity.

43. By approximately May 14, 2024, Defendant Alim paid off the mortgage and owned the Prospect Avenue Property free and clear of any mortgage lien.

44. This lawsuit was filed on or about March 31, 2026.

45. On or about May 6, 2026, after this lawsuit had been filed, Defendant Alim transferred the Prospect Avenue Property by quitclaim deed from herself individually to Defendant Casa Mila BNB, LLC.

46. Defendant Casa Mila BNB, LLC paid no consideration, or less than reasonably equivalent value, for the Prospect Avenue Property. The deed transferring the Prospect Avenue Property to Defendant Casa Mila BNB, LLC states that the transfer was made for zero dollars or other nominal consideration.

47. Upon information and belief, Defendant Alim transferred the Prospect Avenue property after she had notice of Plaintiff's wage claims and after this lawsuit had been filed.

48. Defendant Casa Mila BNB, LLC is an entity organized, owned, managed, and/or controlled by Defendant Alim.

49. Defendant Alim retained possession or control over the Prospect Avenue Property after the transfer by transferring it to an entity she organized, owned, managed, and/or controlled.

50. Defendant Alim transferred the Prospect Avenue Property with actual intent to hinder, delay, or defraud Plaintiff and similarly situated employees in their ability to collect unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees, costs, interest, and other relief.

51. Plaintiff is a creditor of Defendant Alim within the meaning of Ohio Revised Code § 1336 because Plaintiff holds claims for unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees, costs, interest, and other relief.

52. Defendant Alim is a debtor within the meaning of Ohio Revised Code § 1336 because Plaintiff asserts claims against her for unpaid wages and related relief.

53. The Prospect Avenue Property was an asset of Defendant Alim within the meaning of Ohio Revised Code § 1336 before it was transferred to Defendant Casa Mila BNB, LLC.

**D. Class and Collective Characteristics**

54. Numerous other current and former employees of Wage Defendants were subjected to the same unlawful pay practices as Plaintiff.

55. These employees include other case managers and other non-exempt hourly employees who regularly worked in excess of 40 hours per workweek but were paid only their straight hourly rate for all hours worked.

56. These employees are similarly situated to Plaintiff for purposes of an FLSA collective action under 29 U.S.C. § 216(b) because they were subject to Wage Defendants' common policy and practice of failing to pay overtime premium wages.

57. These employees also constitute a class for purposes of Federal Civil Rule 23 because they were all subjected to Wage Defendants' systematic failure to comply with Ohio's Prompt Pay Act.

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated persons who join this action as opt-in plaintiffs.

59. The FLSA Collective members who are "similarly situated" to Plaintiff for which Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> **All current and former non-exempt employees of Defendants People, Places, and Dreams, LLC and Nafisah Alim who worked more than 40 hours in one or more workweeks but were paid less than one and one-half times their**

**regular rate of pay for overtime hours during the period from three years prior to the filing of this Complaint through final disposition of this matter (the "FLSA Collective").**

60. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

61. Such persons are "similarly situated" with respect to Wage Defendants' FLSA violations in that all were hourly non-exempt employees of these Defendants, and all were subjected to and injured by these Defendants' unlawful policy and practice of paying straight time for all hours worked, including overtime hours, rather than paying one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek. All have the same claims against Wage Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

62. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant People, Places, and Dreams LLC has maintained, and was required to maintain, pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. § 516.

63. Plaintiff will seek, at the appropriate time, Court authorization to send notice to similarly situated employees informing them of this action and their right to opt in pursuant to 29 U.S.C. § 216(b).

**<u>CLASS ACTION ALLEGATIONS</u>**

64. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other similarly situated persons (the "Ohio Class").

65. The Ohio Class is defined as follows:

> **All current and former non-exempt employees of Defendants People, Places, and Dreams, LLC and Nafisah Alim who worked more than 40 hours in one or more workweeks but were paid less than one and one-half times their regular rate of pay for overtime hours during the period from two years prior to the filing of this Complaint through final disposition of this matter.**

66. The Ohio Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Ohio Class consists of at least 50 current and former employees of People, Places, and Dreams, LLC. The exact number and identities of Class Members are ascertainable from the payroll records Defendant People, Places, and Dreams, LLC has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. art. II, § 34a.

67. There are questions of law or fact common to the Ohio Class, including but not limited to:

a. Whether Wage Defendants failed to pay Class Members overtime compensation at the rate of one and one-half times their regular rate for hours worked in excess of 40 per workweek;

b. Whether, and in what amount, Class Members are entitled to penalties under O.R.C. § 4113.15; and

c. Whether the Prospect Avenue Property was fraudulently transferred.

68. Plaintiff's claims are typical of the claims of other Ohio Class Members. Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Ohio Class Members.

69. Plaintiff and the Ohio Class Members have all been injured in that they have been uncompensated or undercompensated due to Wage Defendants' common policy and practice. Wage Defendants' corporate-wide policies and practices affected the Ohio Class Members

similarly, and Wage Defendants benefited from the same type of wrongful acts as to each of the Ohio Class Members.

70. Plaintiff and the Ohio Class Members have all further been injured in that Defendant Alim has fraudulently transferred her assets, such as the Prospect Avenue Property, in order to try to place it out of their reach.

71. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members.

72. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class Members in this case.

73. The questions of law or fact that are common to the Ohio Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, including those questions listed above, are common to the Ohio Class as a whole, and predominate over any questions affecting only individual Class Members.

74. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all Class Members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations – Against the Wage Defendants)**

75. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

77. The FLSA requires that employers pay their hourly non-exempt employees overtime compensation for hours worked in excess of 40 per workweek of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

78. Wage Defendants People, Places, and Dreams, LLC and Nafisah Alim violated this requirement by failing to pay Plaintiff and the FLSA Collective members at one and one-half times their regular rate for hours worked in excess of 40 in a workweek.

79. Instead, Wage Defendants paid Plaintiff and the FLSA Collective members only their straight hourly rate for all hours worked, including overtime hours.

80. Wage Defendants applied this unlawful practice systematically to non-exempt hourly employees, including case managers and other similarly situated employees.

81. Wage Defendants knew or showed reckless disregard for the FLSA's overtime requirements. The paystubs demonstrate that overtime hours were being worked but no overtime premium was being paid, which should have been apparent to any reasonable employer reviewing payroll.

82. By engaging in this practice, Wage Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

83. The exact total amount of compensation, including overtime compensation, that Wage Defendants have failed to pay Plaintiff and the FLSA Collective members is unknown at

this time, as many of the records necessary to make such precise calculations are in the possession of Defendant People, Places, and Dreams, LLC.

84. As a result of Wage Defendants' violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 216(b) further provides that the court "shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
## (Ohio Prompt Pay Act Violations – Against the Wage Defendants)

85. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

86. Plaintiff brings this claim for violation of Ohio's Prompt Pay Act on behalf of herself and all Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

87. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

88. Wage Defendants People, Places, and Dreams, LLC and Nafisah Alim violated the Prompt Pay Act by failing to pay Plaintiff and the Ohio Class members all wages earned, specifically the overtime premium wages earned for hours worked in excess of 40 per workweek, and by failing to make such payments on or before the statutorily required dates.

89. The overtime premium wages were "earned" at the time the work was performed and were therefore due to be paid on the next statutorily mandated pay date. Wage Defendants' failure to calculate and pay overtime premiums constitutes a failure to pay "wages earned."

90. The wages claimed were not "in contest or disputed" within the meaning of the statute. Wage Defendants' obligation to pay overtime wages at one-and-one-half employees' regular rate of pay was clear under federal and state law.

91. Wage Defendants' failure to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater." Ohio Rev. Code Ann. § 4113.15.

## COUNT THREE
**(Fraudulent Transfer Under Ohio Revised Code § 1336 – Against Defendants Nafisah Alim and Casa Mila BNB, LLC)**

92. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

93. Plaintiff brings this claim against Fraudulent Transfer Defendants Nafisah Alim and Casa Mila BNB, LLC pursuant to Ohio Revised Code § 1336, including O.R.C. §§ 1336.04, 1336.05, and 1336.07.

94. Plaintiff and the Ohio Class members are creditors of Defendant Alim within the meaning of O.R.C. § 1336.01 because Plaintiff holds claims against Defendant Alim for unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees, costs, interest, and other relief.

95. Defendant Alim is a debtor within the meaning of O.R.C. § 1336.01 because Plaintiff and the Ohio Class members assert claims against Defendant Alim for unpaid wages and related relief.

96. Defendant Casa Mila BNB is an insider within the meaning of O.R.C. § 1336.01 because it is a "corporation of which the debtor is a director, officer, or person in control."

97. The Prospect Avenue Property was an asset of Defendant Alim within the meaning of O.R.C. § 1336.01 before Defendant Alim transferred it to Defendant Casa Mila BNB, LLC.

98. Defendant Alim transferred the Prospect Avenue Property to Defendant Casa Mila BNB, LLC after this lawsuit had been filed and after Defendant Alim had notice of Plaintiff's claims.

99. Defendant Alim received no consideration, or certainly far less than reasonably equivalent value, in exchange for the transfer of the Prospect Avenue Property.

100. Defendant Casa Mila BNB, LLC is an entity organized, owned, managed, and/or controlled by Defendant Alim.

101. Defendant Alim retained possession or control over the Prospect Avenue Property after the transfer.

102. The timing and circumstances of the transfer, including the lack of consideration, the transfer being to an entity organized and controlled by Defendant Alim, the transfer being after this lawsuit was filed, the transfer being to an insider of Defendant Alim, and Defendant Alim's retention of possession or control over the Prospect Avenue Property, demonstrate actual intent to hinder, delay, or defraud Plaintiff and similarly situated employees in their ability to collect on their claims.

103. Accordingly, the transfer of the Prospect Avenue Property from Defendant Alim to Defendant Casa Mila BNB, LLC is fraudulent under O.R.C. § 1336.04(A)(1).

104. Alternatively, the transfer is fraudulent under O.R.C. § 1336.04(A)(2) and/or O.R.C. § 1336.05 because Defendant Alim did not receive reasonably equivalent value for the transfer and the transfer impaired Plaintiff's ability to collect amounts due on her wage claims.

105. Pursuant to O.R.C. § 1336.07, Plaintiff is entitled to avoidance of the transfer to the extent necessary to satisfy Plaintiff's and the putative collective and class members' claims, attachment or other provisional remedies, injunctive relief prohibiting further transfer or encumbrance of the Prospect Avenue Property, appointment of a receiver if necessary, and any other relief the Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class Members;

C. Enter judgment against Defendants People, Places, and Dreams, LLC and Nafisah Alim and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

D. Award unpaid overtime wages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

E. Award Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) liquidated damages equal in amount to the unpaid overtime wages found due to Plaintiff and the Opt-Ins;

F. Award Plaintiff and the Ohio Class Members statutory penalties pursuant to Ohio Rev. Code Ann. § 4113.15 in an amount equal to six per cent of the amount of unpaid wages or two hundred dollars, whichever is greater;

G. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members all attorneys' fees, costs, and disbursements incurred in prosecuting this action pursuant to 29 U.S.C. § 216(b) and applicable Ohio law;

I. Find that the transfer of the Prospect Avenue Property from Defendant Nafisah Alim to Defendant Casa Mila BNB, LLC is fraudulent under O.R.C. § 1336;

J. Void the transfer of the Prospect Avenue Property to Defendant Casa Mila BNB, LLC to the extent necessary to satisfy Plaintiff's and the putative collective and class members' claims;

K. Enter injunctive relief prohibiting Defendants Nafisah Alim and Casa Mila BNB, LLC from further transferring, encumbering, disposing of, or diminishing the value of the Prospect Avenue property during the pendency of this action;

L. Award such further relief available under O.R.C. § 1336.07 as the Court deems appropriate; and

M. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members such further and additional relief as this Court deems just and proper.

Respectfully submitted,

*<u>/s/ Scott D. Perlmuter</u>*
SCOTT D. PERLMUTER (0082856)
**Tittle & Perlmuter**
4106 Bridge Ave.
Cleveland, OH 44113
Telephone: (216) 222-2222
Facsimile: (888) 604-9299
Email: scott@tittlelawfirm.com

*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Scott D. Perlmuter*
SCOTT D. PERLMUTER (0082856)
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties who have made an appearance by operation of the Court's electronic filing system, and those parties may access the filing through the Court's system.

*/s/ Scott D. Perlmuter*
SCOTT D. PERLMUTER (0082856)
Counsel for Plaintiff